[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR LEAVE TO AMEND THIRD PARTY COMPLAINT
The plaintiff Ortiz sued Amodio Realty for injuries suffered at her place of employment. The Amodio Realty Corporation moved to implead the employer Pack-Rite Corporation under Section 52-102a of the General Statutes and did so claiming under common law and contractual theories of indemnification that if Amodio is liable to the plaintiff then Pack-Rite would be liable to Amodio to the extent of the liability. At about the same time Pack-Rite moved to and was allowed to intervene as a co-plaintiff and filed an intervening complaint. Pack-Rite alleged that as an employer it has paid or it has become obligated to pay money to the plaintiff Ortiz under the Workmen's Compensation Act and Pack-Rite sought to intervene to receive reimbursement from the plaintiff from any recovery she received.
The issue before the court arises from the fact that Amodio Realty now seeks to amend its so-called third party complaint to add a third count entitled "Apportionment." It claims in this third count that in its lease Pack-Rite agreed to keep the stairway on which the plaintiff fell clean and in an orderly condition. The count goes on to say, therefore, the third party defendant Pack-Rite is a negligent party under Section 52-572h(c) and Amodio seeks apportionment under that statute.
Third party defendant Pack-Rite objects to the amendment. It argues that the theory of impleader and the basis on which Amodio was properly allowed to implead Pack-Rite in this case is that it requests the court to bring into the litigation a party, here, Pack-Rite, who, it is claimed, may be liable to Amodio for the plaintiff's claim against Amodio (See 52-102aa of the General Statutes, P.B. 117). The theory of the proposed amendment by Amodio to its third party complaint is one of apportionment — it alleges since Pack-Rite was negligent, it is in fact liable to the plaintiff. Given such a claim, the impleader CT Page 9495 statute is not applicable and it has been so held in well-reasoned opinions. Howard et al. v. Capellari, 2 Conn. L. Rptr 68 (1990); Ortiz et al. v. Douglas et al., 9 Conn. L. Rptr 62 (1993). On this basis the court sustains Pack-Rite's objection to the proposed amendment.
Since Pack-Rite has intervened in this action it would appear to be a "party" for 52-572h(c) purposes, and furthermore as a party Amodio would technically have the right to file a cross-complaint under Section 116 of the Practice Book. How Amodio could argue that any such claims did not circumvent Pack-Rite's rights under the Workmen's Compensation Act is not clear. Cf. Ortiz et al. v. Douglas et al., supra at page 64 commenting on 52-102(2). Those issues, however, are not now necessary to the court's opinion and, as indicated, the objection to the request by Amodio to amend the third party complaint is granted.